IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MARTINEZ, ) | |
| ) | 2:11-cv-01049-GEB-GGH |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER RE: SETTLEMENT AND |
| ) | DISPOSITION |
| PNS STORES, INC. dba BIG LOTS ) #4268; RING YUBA CITY ) COMPANY, a CALIFORNIA ) LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff filed a "Notice of Settlement" on July 26, 2011, in which he states, "the aforementioned matter . . . has been resolved[, and t]he parties anticipate filing a Stipulation for Dismissal within four to six weeks." (ECF No. 8.)

Therefore, a dispositional document shall be filed no later than September 7, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled for hearing on August 15, 2011, is continued to commence at 9:00 a.m. on October 3, 2011, in the event no dispositional document is filed, or if this action is not

otherwise dismissed.[1]  A joint status report shall be filed fourteen (14) days prior to the status conference.

　　　　IT IS SO ORDERED.

Dated:  July 26, 2011

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```

---

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).